# CIRCUIT COURT OF FAIRFAX COUNTY

Lockheed Martin
Federal Systems, Inc.

v.

Cincinnati Bell Information
Systems, Inc., et al.

## Case No. (Law) 166318

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

### July 23, 1998

This matter came before me on July 9, 1998, on the defendant's demurrers and pleas in bar. At that time I took the matter under advisement. I now provide the following rulings.

As to the demurrer of Cincinnati Bell Information Systems, Inc. (CBIS), the first grounds of the demurrer is sustained in part and overruled in part, the second grounds of the demurrer is sustained, and the third grounds of the demurrer is overruled. Count IV of the Amended Motion for Judgment is dismissed with prejudice and without leave to amend. To the extent CBIS demurs to Counts I and VI, the demurrer is overruled. As to the demurrer of DynCorp, Inc., and Dyntel Corporation, the demurrer is sustained as to grounds 1, 2, 3, and 8 and is overruled as to grounds 4, 5, 6, 7, 9, 10, and 11. Count V of the Amended Motion for Judgment is dismissed with prejudice and without leave to amend. To the extent DynCorp and DynTel demur to Counts II, III, and VI, their demurrer is overruled.

Plaintiff may proceed in this matter on Counts I, II, III, and VI in its individual name only. The demurrers to plaintiff proceeding as agent and attorney-in-fact for IMIX Corporation are sustained without leave to amend.

In brief, I make the above rulings based upon the following determinations. I find that in the May 30, 1997, Assignment of Rights Agreement, IMIX assigned to the plaintiff no contract rights under the October 24, 1991, Source Code Agreement between IMIX and CBIS. For that reason,

Counts IV and V must fail. However, I find that the absence of such an assignment does not preclude plaintiff from bringing claims against the defendants under the Uniform Trade Secrets Act (§ 59.1-336 *et al.*) of the Code of Virginia. Further, I find that a claim for civil conspiracy under §§ 18.2-449 to 18.2-500 of the Code of Virginia is not preempted by the Uniform Trade Secrets Act. I further find that even under the terms of the Assignment of Rights Agreement dated May 30, 1997, plaintiff must bring these actions on its own behalf, not on behalf of, as agent for, or as attorney-in-fact for IMIX.

The pleas in bar of the defendants are overruled at this time, without prejudice to their being reconsidered at trial. Based on the testimony received in regard to the pleas in bar, I find that the Settlement Agreement and Mutual Release dated February 7, 1994, was intended to be and was entered into on behalf of CBIS (even though signed on behalf of CBIS Federal, Inc.) and IMIX (by way of its successor, Allied Document Image Corporation). However, I find that the agreement is ambiguous as to whether it applies to claims arising after February 7, 1994. No evidence was offered on that issue, and no determination of it can be made at this time. The issue of the applicability of the release to future claims is preserved for trial.

August 3, 1998

This matter recently came before me on the defendants' demurrers and pleas in bar. I issued an opinion letter of July 23, 1998. On my own and not at the request of any of the parties, I now modify that earlier opinion letter as reflected below.

Plaintiff may proceed in this matter on Counts I, II, III, and VI in its individual name and as attorney-in-fact for IMIX Corporation. The defendants' demurrers to plaintiff's proceeding as attorney-in-fact for IMIX Corporation are overruled. Otherwise, the rulings contained in my July 23, 1998, opinion letter remain unchanged.